Kathie Simmons #129727
Law Offices of Kathie J. Simmons
1008 5th Street
Santa Rosa, CA  95404
Telephone: (707) 522-8118
Facsimile: (707) 522-8117
Email:    SimmonKJ@yahoo.com

Attorney for Debtor(s):
Michael and Lisa McConlogue

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

| In re | Chapter 13 |
|---|---|
| Michael and Lisa McConlogue, | Case No.:  11-10210 |
| | CHAPTER 13 PLAN |
| Debtor(s). | |

**CONFIRMATION OF THIS PLAN MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, BY ESTABLISHING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/OR BY ESTABLISHING THE INTEREST RATE, IF ANY, ON YOUR CLAIM. THE VALUES PROVIDED FOR CREDITORS HEREIN SHALL BE BINDING UNLESS A TIMELY OBJECTION TO CONFIRMATION IS FILED.**

**HOLDERS OF UNSECURED CLAIMS MUST TIMELY FILE PROOFS OF CLAIM OR THEY WILL NOT BE PAID ANY AMOUNT. CONFIRMATION OF THIS PLAN MAY RESULT IN THE DEBTOR BEING ELIGIBLE TO RECEIVE A DISCHARGE PURSUANT TO 11 U.S.C. § 1328.**

The Debtor or Debtors (hereinafter called "Debtor") proposes the following Chapter 13 Plan (hereinafter called "Plan") effective upon confirmation of the Debtor's plan:

### Section I.  Plan Payments and Commitment Period

**1.1.** The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for execution of the plan.  The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier, and continue monthly on the same day until confirmation.  The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed.  Debtor shall pay to Trustee the payment schedule as set forth below:

| Monthly Payment Amount | Number of Payments |
|---|---|
| 1. **$200** | 36 |
| 2. | |

**1.2.** The monthly plan payments will continue for **36** months.

1

## Section II. Claims and Expenses

**A. Proofs of Claim**

**2.1.** A proof of claim must be filed by or on behalf of a creditor before a claim may be paid pursuant to this plan.

**2.2.** Post-petition amounts on domestic support obligations which come due after the filing of the petition and payments on loans from retirement or thrift savings plans of the type described in section 362(b)(19), and executory contracts and unexpired leases to be assumed shall be paid by the Debtor directly to the person entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**2.3.** Unless the debtor, trustee or other party disputes such amounts, the proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless: the collateral has been valued in paragraph 2.8, a motion to value has been granted, a lien avoidance motion has been granted, the sustaining of a claim objection, or other order of the court affects the amount or classification of the claim. If the proof of claim amount is disputed, the amounts and classification of the claim shall be determined by the Court or agreed upon by the parties.

**B. Administrative Expenses**

**2.4.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation as established by the United States Trustee.

**2.5.** **Administrative expenses.** Except to the extent the court approves, and claimant agrees to, a different treatment, and unless section 1326(b)(3)(B) is applicable, administrative expenses shall be paid in full through the plan.

**2.6.** **Debtor's attorney's fees.**

Debtor paid **$700** in attorney fees for this bankruptcy case prior to the filing of the petition.

The balance of fees and costs in the sum of **$2500** shall be paid at the rate of **$125** per month. If this monthly payment exceeds the monthly Plan payment, or if the monthly Plan payment is not great enough to pay this amount when factoring in preconfirmation adequate protection payments or dividends specified in this Plan, then it shall be limited to a pro-rata payment. If the attorney fee payment specified above does not result in full payment of the outstanding attorney fees, the remainder shall be paid pro-rata over the life of the plan.

**2.7.** **Fees of a former chapter 7 Trustee.** Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

**C. Secured Claims**

**2.8.** **Class 1. Secured claims that are modified by this plan or that have matured.** Each Class 1 claim will retain its existing lien, and receive a dividend as specified below. The amount of a Class 1 claim shall be the amount due under any contract between Debtor and the claimant or under applicable nonbankruptcy law or, if 11 U.S.C. § 506(a) is applicable, the extent of the secured claim according to the value of the collateral securing the claim accounting for other higher priority secured claims on the collateral, whichever is less.

2

Debtor is the owner of the property serving as collateral, is aware of its condition and, where the secured claim is less than the amount of the debt, is informed and believes that its value is as set forth below under "Value of Collateral". If applicable, the Debtor seeks a determination that the value of the collateral is as set forth below. Failure to object to this listed amount shown may result in the creditor's secured claim being limited to the collateral value amount listed.

To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. § 506(a), that portion of the claim which is unsecured shall be provided for as a class 6 claim under this plan unless such liability is not allowed by applicable nonbankruptcy law or by prior bankruptcy discharge of such liability.

Unless the court orders otherwise, pursuant to an appropriate motion or pleading, an order granting a discharge in this case shall be a determination that all prepetition and post-petition defaults with respect to Debtor's account have been cured and that the Debtors' account is reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred. Any willful failure of a secured creditor or its servicer to credit payments in the manner required by this plan, or any act by a secured creditor or its servicer following the entry of discharge to charge or collect any amounts based upon any event occurring before or during this case that were not authorized by this plan or approved by the bankruptcy court after proper notice shall be a violation of 11 U.S.C. § 524(a)(2) and (i).

Creditors holding fully or partially unsecured liens shall retain their liens except as specified in paragraph 2.9. To the extent that the allowed secured claim treated by this section is paid during this case or thereafter, such creditors' liens shall be reduced. The creditor holding such claim shall promptly mark satisfied any lien securing the claim upon the earlier of the payment of the claim determined under nonbankruptcy law or the debtor's discharge under section 1328, whichever is earlier.

Prior to confirmation, Trustee shall disburse the specified adequate protection payment in connection with his customary disbursement cycle beginning the month after the petition is filed. A claimant shall not receive a monthly dividend in the same month as disbursement of a preconfirmation adequate protection payment.

The Trustee shall not make any disbursement on an arrears claim filed by a creditor that is also listed as having a pending loan modification in section 2.11.

| Creditor's Name/ Collateral Description | Is Claim Subject to § 506(a)? Y/N | § 506(a) No Claim Amount or Arrears Amount § 506(a) Yes Value of Collateral | Post Petition Interest Rate (0% if blank) | Preconfirmation Adequate Protection Payment (None if blank) | Monthly Dividend (Prorata if blank) |
|---|---|---|---|---|---|
| **1. None** | | | | | |
| 2. | | | | | |
| 3. | | | | | |

**2.9    Class 2. Secured claims subject to a Motion or Adversary Proceeding to Value and Avoid their Lien.** The debtor has filed or will file a motion or adversary proceeding to value and avoid the following liens of the below listed secured creditors where the lien impairs an exemption to which the debtor is entitled, or where the debtor is claiming that the lien is wholly unsecured in that the value of the

3

security is less than the balance of higher priority liens. No payment shall be made to a creditor listed under this section while the motion or adversary proceeding is pending.

A claim treated in this section shall be provided for as a class 6 claim under this plan unless such liability is not allowed by applicable nonbankruptcy law or by prior bankruptcy discharge of such liability.

| Creditor's Name/Collateral Description | Paid as Class 6? Y/N |
|---|---|
| 1. Creditor: Redwood Credit Union<br>Collateral: 1266 Phyllis Street, Santa Rosa, CA, 95401 | Y |
| 2. | |

**2.10  Class 3.  Secured claims satisfied by the surrender of collateral.** Debtor shall surrender the following collateral. A secured creditor whose collateral is surrendered shall have their secured claim deemed satisfied in full through surrender of collateral. A timely filed deficiency claim shall be provided for as a class 6 claim under this plan unless such liability is not allowed by applicable nonbankruptcy law or by prior bankruptcy discharge of such liability.

| Creditor's Name/Collateral Description | Deficiency paid as Class 6? Y/N (Add reason if No) |
|---|---|
| 1. **None** | |
| 2. | |

**2.11  Class 4.  Secured claims paid directly by Debtor or a third party.** Class 4 claims are not in default or if in default constitute real property secured claims for which the arrearage is paid as a Class 1 claim, and are not modified by this plan. The Debtor or a third party shall make contract installments as they fall due, according to the contractual terms, whether or not the plan is confirmed. If post-petition payments are made in a timely manner, including any grace period, under the terms of the note, they shall be applied and credited without penalty and as if no prepetition default existed on the petition date in the order of priority specified in the security agreement and applicable nonbankruptcy law.

Secured creditors must comply with all applicable provisions of the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) during the pendency of this plan, and shall make, upon notice to the Debtor, the Debtor's counsel, and the trustee, appropriate adjustments to the ongoing installment payment to reflect escrow account, adjustable rate mortgage and other changes required by the note and security agreement. If there is a shortage, deficiency, or surplus of funds held in escrow, as defined by RESPA (other than amounts being paid as arrears under the plan) during the pendency of the plan, the secured creditor or any servicer for that creditor shall notify the Debtor as required by RESPA and shall also provide notice to the Debtor's counsel and the trustee.

The monthly payment reflected below may be a monthly average of the expense where the expense is contractually due on an other than monthly frequency.

| Creditor's Name / Collateral Description | Monthly Payment or Projected Payment Under Loan Modification |
|---|---|

4

| | |
|---|---|
| 1. **Creditor: OneWest Bank**<br>**Collateral: 1266 Phyllis Street, Santa Rosa, CA, 95401** | $1253 |
| 2. | |
| 3. | |

### D. Unsecured Claims

**2.12  Class 5.  Unsecured priority claims.** The Trustee shall pay all allowed filed priority claims and will pay allowed filed priority domestic support arrears prior to paying any other priority claim. Payment of these claims shall be prorata.

| Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| 1. **None** | | |
| 2. | | |

List the names of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A). Arrears disbursements shall be paid prorata unless otherwise specified.

| Name of Holder of Domestic Support Obligation | Pre-petition Arrears Amount | Regular Payment | Arrears payment on plan |
|---|---|---|---|
| 1. None | | | |

**2.13  Class 6.  General non-priority unsecured claims.** Allowed non-priority unsecured claims shall be paid from the funds remaining after payment of the debts described (whether or not paid in full with interest) under Class 1 and Class 5 as follows:

1. ☐ The estimated sum of $0 shared prorata between the allowed claims.
2. ☒ An estimated 2% of the allowed claims.

The value as of the effective date of the plan of property to be distributed under the plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The estimated percentage distribution to unsecured creditors in Chapter 7 is 0%.

**2.14  Class 7.  Special unsecured claims.**  This class includes unsecured claims, such as co-signed unsecured debts or student loans, which will be paid in full directly by the Debtor and/or a third party even though not all other unsecured claims may be paid in full.

| Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| 1. None | | |

### Section III.  Executory Contracts and Unexpired Leases

**3.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor and/or a third party shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid as either a Class 1 or a Class 6 claim. Unless the court orders otherwise, pursuant to an appropriate motion or pleading, an order granting discharge in this case shall be a determination that all prepetition and post-petition defaults with respect to debtor's account have been cured and that the debtor's account shall be treated as if no default ever occurred.

**3.02.** Any executory contract or unexpired lease not listed in the table below is rejected. Any unsecured claim resulting from the rejection must be filed by the bar date for unsecured debts. Such claim will be paid as a class 6 claim under this plan unless such liability is not allowed by applicable nonbankruptcy law or by prior bankruptcy discharge of such liability.

| Creditor/Lessor Name | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| 1. **None** | | | |

### Section IV. Payment of Claims and Order of Payment

**4.01.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee to holders of allowed claims and approved expenses.

**4.02. Distribution of plan payments.** From the monthly plan payment, Trustee shall pay Trustee's fees, administrative expenses, the monthly amount specified above for each Class 1 secured claim, Class 5 priority claims until they are paid in full then to holders of Class 6 unsecured claims as specified in paragraph 2.13.

### Section V. Miscellaneous Provisions

**5.01. Vesting of property.** Any property of the estate scheduled under section 521 shall revest in Debtor on confirmation except for collateral being surrendered pursuant to paragraph 2.10. Except as otherwise provided, property of the estate and property that vests in the debtor upon confirmation shall remain in the sole possession and control of the debtor, with the debtor also having the sole right to possession and control, and the trustee shall have no liability arising out of the property or its retention or use by the debtor.

**5.02. Sale or Encumbrance of Property.** The Debtor may purchase, sell or otherwise encumber real or personal property, or otherwise incur debt in the ordinary course of business and as necessary to support the debtor's household without further court order and without notice to creditors upon approval of the Chapter 13 Trustee. Debtor shall not be required to obtain approval from the Chapter 13 Trustee for transactions involving $10,000 or less of debt, encumbrance and/or property. Debtor shall not be required to obtain Trustee approval for transactions in the regular course of Debtor's financial or business affairs.

**5.03. Cosigners.** By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

**5.04. Best Efforts.** Confirmation of this plan shall constitute a finding that the plan constitutes the debtor's best effort under all the circumstances to pay their creditors within the meaning of 11 U.S.C. § 727.

**5.05 Good Faith and Compliance with Bankruptcy Code.** Confirmation of this plan shall

constitute a finding that the plan complies with the provisions of Chapter 13 and all other applicable provisions of the Bankruptcy Code. Furthermore, confirmation of this plan shall constitute a finding that the plan has been proposed in good faith and not by any means forbidden by law.

      **5.06**    **Plan periods extending beyond three years.** Confirmation of this plan shall constitute, if applicable, a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is determined to be essential to the success of the plan.

      **5.07**    **Post-petition acquisition of money and/or property.** Any money or property acquired by either the trustee or the debtor or refunded from the trustee's percentage fees, while this case is pending, shall be deemed exempt property of the debtors if exemptible and shall be forthwith delivered to the debtor.

      **5.08**    **Trustee's fee.** Confirmation of this plan shall constitute a finding and order that due to the debtors' low income, the trustee's fee should not exceed 10% of each monthly payment, even if that amount is less than $5.00 per month.

      **5.09**    **Full payment of provided for claims.** If prior to the expiration of the period set forth in paragraph 1.2 of this plan all filed and allowed claims provided for in this plan are paid in full, this plan shall terminate on that date.

      **5.10**    **Default on utility entitled to adequate assurance.** If the debtors default after filing of the petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. § 366, then that debt shall, upon application of said utility, become a class 5 claim under this plan. This priority shall be deemed adequate assurance of the utility's future payments.

      **5.11**    **Actions inconsistent with the plan.** Confirmation of this plan shall constitute an order binding every creditor of the Debtor and enjoining each such creditor from taking any action inconsistent with this plan and from proceeding against the Debtor in any forum other than the Bankruptcy Court.

### Section VI. Additional Provisions

      **6.01.**    The Debtor further proposes pursuant to 11 USC § 1322(b):

        a)   None

Dated: February 7, 2011

                                                              /s/ Kathie Simmons for the Debtor(s)
                                                              Kathie Simmons, Attorney for the Debtor(s)